*444 OPINION*.
ARtjndell:
Two witnesses testified on behalf of the petitioners that the lease owned by the Washington Hotel Co. had a value at the date acquired by that company and at March 1, 1913, of $100,000, and another testified that, in his opinion, the value was between $100,000 and $150,000. A careful consideration of the entire evidence, however, including that relating to the length of time the lease had to run and the low rentals reserved under its provisions, as compared with what we have found to be the fair rental value of the property, leads us to the conclusion that the lease had a fair market value at the date acquired by the Washington Hotel Co. and at March *1, 1913, of $77,868.01, which was the value placed upon it originally by petitioners in their returns to the Commissioner. Based upon a value at the date of acquisition of $77,868.01 and a life of 34 years, 8y3 months, the amounts at which the petitioners are entitled to include this lease in the consolidated invested capital for the years 1919, 1920, and 1921, are $64,089.95, $61,845Í56, and $59,601.17, respectively.
At March 1, 1913, the remaining term of the lease, including the renewal period of 15 years, was 34 years and 4% months, and its fair market value at that date was $77,868.01. The annual deduction which the petitioners are entitled to make in computing taxable net income is $2,264.34.
The several amounts by which the asset accounts of the Washington Hotel Co. were understated at the beginning of each of the years in question, and the amount of the Commissioner’s understatement of the asset accounts of the Capitol Hotel Co. at the beginning of the year 1919, the understatements being due to overpayments and prepayments of rent and erroneous charges of accounts receivable against surplus, constitute valid accounts receivable or prepaid expenses, which should be included in the consolidated invested capital. The consolidated invested capital for the years 1919, 1920 and *445 1921, as computed by the Commissioner, should be increased by the amounts of $1,616.99, $1,490, and $1,510, respectively.
The Commissioner’s action in reducing the consolidated invested capital for the years 1920 and 1921 by the amounts of $4,146.11 and $2,136.95, respectively, is in error, since the amounts.of the reductions represent not the excess of the dividend payments over the available earnings at the dividend dates, but the excess of the dividend payments over the actual earnings reduced by a so-called tentative tax. This question has heretofore been considered by the Board in the Appeal of L. S. Ayers & Co., 1 B. T. A. 1135, and on authority of that decision we must hold adversely to the Commissioner on this issue.
The deduction which the Commissioner has allowed in computing the consolidated net income for the year 1921, on account of taxes paid within the year by the Capitol Hotel Co., is $39 less than the amount actually paid. The net income, as thus computed by the Commissioner, should be reduced by the amount of $39.
The bonus of $1,500 paid in the year 1921 to certain subordinate, employees of the Washington Hotel Co. was actually voted in the year 1920, and, representing as it does a liability incurred in the year 1920, it is a proper expense deduction in computing the consolidated net income for that year. The Commissioner’s action in refusing to allow the deduction for the year 1920 and allowing it for the year 1921 is in error.
Order of redetermination will be entered on lb days' notice, under Rule 50.